923 F.2d 849
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scottie Ray LYNN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney Jeff WORKMAN, Defendant-Appellant.
 Nos. 89-5481, 89-5482.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 7, 1990.
Decided Jan. 23, 1991.
 
 Appeals from the United States District Court for the Western District of North Carolina, at Bryson City. Richard L. Voorhees, District Judge. (CR-89-64-B)
 Kay Williams Neiss, The Law Offices of John M. Fitzgibbons, Tampa, Fla. (Argued), for appellants; John M. Fitzgibbons, Kim W. Much, The Law Offices of John M. Fitzgibbons, Tampa, Fla., on brief.
 Max Oliver Cogburn, Jr., Assistant United States Attorney, Asheville, N.C. (Argued), for appellee; Thomas J. Ashcraft, United States Attorney, Asheville, N.C., on brief.
 W.D.N.C.
 VACATED AND REMANDED.
 Before K.K. HALL, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Scottie Ray Lynn and Rodney Jeff Workman appeal the imposition of consecutive sentences imposed in the Western District of North Carolina to sentences earlier imposed in the Middle District of Florida. They maintain that the district court erred in concluding that it was without discretion to impose concurrent sentences. We remand for clarification by the district court.
 
 I.
 
 2
 On April 30, 1989, while on bond on narcotics charges pending in the Middle District of Florida, Lynn and Workman were arrested and subsequently indicted in the Western District of North Carolina on various charges involving the manufacture of and possession with the intent to distribute marijuana. They were sentenced in Florida on August 22, 1989, Lynn to 24 months imprisonment and Workman to 64 months imprisonment. On September 20, 1989 they were sentenced in North Carolina, Lynn to 90 months imprisonment and Workman to 128 months imprisonment. These sentences were ordered to be served consecutively to the Florida sentences.
 
 
 3
 Prior to sentencing, both appellants requested the district court to order that the sentences imposed in the Western District of North Carolina be served concurrently to the sentences imposed in the Middle District of Florida. In denying the request, the district court stated that "[a]s required by the guidelines" the sentences would be imposed consecutively. See U.S.S.G. Sec. 5G1.3 (Oct. 1988). While the district court correctly interpreted section 5G1.3, we have earlier held that 18 U.S.C.A. Sec. 3584(a) (West 1985) allows a court to impose a concurrent or consecutive sentence after consideration of several factors, including the appropriate guidelines sentence. United States v. Rogers, 897 F.2d 134 (4th Cir.1990). While U.S.S.G. Sec. 5G1.3 (Oct. 1988) does require a consecutive sentence, Rogers held that a sentencing court may nevertheless depart from the guidelines in the unusual or atypical case pursuant to 18 U.S.C.A. Sec. 3553(b) (West Supp.1990).
 
 
 4
 While we no doubt could safely assume that the district court was well aware of its options, the record can be read to conclude that the district court was under the impression that regardless of the circumstances it lacked discretion to impose a concurrent sentence. While offering no opinion or even intimating the appropriate outcome, we vacate the judgment and remand with instructions to the district court to determine whether the sentences should be served concurrently or consecutively to the sentences imposed in the Middle District of Florida.
 
 
 5
 We offer the following for guidance to the district court upon remand. Because 18 U.S.C.A. Sec. 3553(a) (West 1985 & Supp.1990) directs that "[t]he court, in determining the particular sentence to be imposed, shall consider ... the guidelines that are ... in effect on the date the defendant is sentenced," the district court should look to the current Guidelines Manual for purposes of resentencing. As a result of an amendment effective November 1, 1989, the current language of section 5G1.3 requires a consecutive sentence only "[i]f the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status)." Indeed, the accompanying commentary to this section addresses the specific circumstances of this case and provides that "[w]here the defendant is serving an unexpired term of imprisonment, but did not commit the instant offense while serving that term of imprisonment, the sentence for the instant offense may be imposed to run consecutively or concurrently with the unexpired term of imprisonment." U.S.S.G. Sec. 5G1.3, comment. (Nov. 1990). While the remaining language of the policy statement offers a suggestion of how this discretion may be exercised, at resentencing the district court is vested with discretion to order that appellants' sentences be served concurrently or consecutively.
 
 
 6
 VACATED AND REMANDED.