972 F.2d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Francis STOKES, Defendant-Appellant.
 No. 91-30161.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1992.*
Decided Aug. 12, 1992.
 
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 After Robert Stokes pleaded guilty to two federal robbery charges pursuant to a plea bargaining agreement, the district court sentenced him to a 100-month term to run consecutive to an unexpired, 90-month, state sentence which Stokes is currently serving. Stokes appeals this sentencing decision on two grounds. Stokes first argues that the district court unlawfully departed from the Sentencing Guidelines by handing down a consecutive, rather than a concurrent, term. Stokes also argues that the court erred by considering charges dismissed under the plea bargain in its decision to impose a consecutive sentence. We have jurisdiction under 18 U.S.C. § 3742, and we affirm.
 
 
 3
 * Stokes first argues that the district court erred by imposing a consecutive sentence because the resulting combined federal-state sentence exceeds "the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all the offenses been federal offenses for which sentences were being imposed at the same time." U.S.S.G. § 5G1.3, comment. (Nov. 1990). Stokes concedes that his sentence fell within the recommended guideline range, but nevertheless argues that the district court should have followed the Guidelines' departure procedures in imposing a sentence that exceeds the total punishment that would have been meted out had every crime been a federal offense. The Guidelines in effect on the sentencing date, however, did not require the combined federal-state sentence to approximate the total punishment that would have been imposed had all the offenses been federal ones. See id. ("The court may consider imposing a sentence for the instant offense that results in a combined sentence that approximates" the corresponding all-federal term) (emphasis added). The Guidelines' mere suggestion that the district court could sentence Stokes with reference to the corresponding all-federal term did not cabin the court's discretion in any way. Because the Guidelines did not call for the total punishment to approximate an all-federal term, and because the imposed sentence was fully within the recommended guideline range, the consecutive sentence imposed by the district court was simply not an upward departure, as Stokes argues.
 
 
 4
 For this reason, Stokes cannot rely on United States v. Pedrioli, 931 F.2d 31, 32-33 (9th Cir.1991), where we faced a conflict between the Guidelines (which required the two sentences to "overlap") and 18 U.S.C. § 3584(a) (which vests district courts with discretion to impose concurrent or consecutive sentences). In Pedrioli, we held that district courts must follow the usual procedures for departures under the Guidelines when departing in the exercise of their discretion under § 3584(a). Id. at 32. The holding in Pedrioli was prompted by our concern that an overly broad reading of § 3584(a) would undermine the Guidelines, which in that case explicitly called for the sentences to overlap. There is no cause for such concern in this case, because there is no conflict here between the Guidelines and § 3584(a).
 
 II
 
 5
 For the same reason, we reject Stokes' argument that the district court erred by considering charges dismissed under the plea bargain. In United States v. Faulkner, 952 F.2d 1066, 1069-71 (9th Cir.1991), we held that a sentencing court may not depart from a recommended sentencing guideline range on the basis of criminal conduct for which charges had been dismissed under a plea bargain. Here, the district court did not depart from the recommended guideline range and was thus not precluded from taking into account the dismissed charges. See United States v. Cervantes-Valenzuela, 931 F.2d 27, 28-29 (9th Cir.1991) (per curiam) (in exercising its discretion to sentence within guideline range, district court may "receive and consider virtually any information concerning the background, character and conduct of a defendant") (citing 18 U.S.C. § 3661). The recommended sentencing range was calculated without reference to the dismissed charges and the resulting sentence fell within the recommended range; Stokes therefore received the full benefit of his bargain under the plea agreement.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3