35 F.3d 567
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Franklin D. CURRY, Defendant-Appellant.
 No. 93-4110.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1994.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Franklin D. Curry appeals from the judgment and commitment order sentencing him to a term of imprisonment of sixteen months, to run consecutively to an unexpired state court term of imprisonment. He raises two issues. First, defendant claims that the district court erred in failing to make the federal sentence concurrent to the state sentences. Second, defendant contends that he was denied effective assistance of counsel. For the reasons that follow, we AFFIRM.
 
 I.
 
 2
 On May 24, 1993, defendant was named in a one-count information charging him with making false and fictitious statements to a federally licensed firearms dealer in the acquisition of firearms, in violation of 18 U.S.C. Secs. 922(a)(6) and 924(a).[1] The information alleged that on August 22, 1991, defendant entered Davis Guns, a federally licensed firearms dealer in Dublin, Ohio, and falsely identifying himself as "Dobene Ricci," purchased a .9mm Baretta pistol, model 925M-P. In addition, defendant falsified ATF Form 4473, certifying that he had never been convicted of a felony. In fact, on November 8, 1988, defendant had pled guilty to forgery in the Franklin County Court of Common Pleas, Columbus, Ohio, and was sentenced to one year in prison.
 
 
 3
 Defendant pled guilty to the one-count information on June 3, 1993. The parties' plea agreement provided that the relevant conduct to be considered by the court pursuant to Secs. 1B1.3 and 2K2.1(b)(1)(B) of the Sentencing Guidelines was between five and seven firearms. The plea agreement also stated that the government would not object to concurrent sentencing.
 
 
 4
 Although the instant offense occurred in August of 1991, the presentence report (correctly) used the 1990 version of the Sentencing Guidelines because of an ex post facto problem. Under the then current version of U.S.S.G. Sec. 2K2.1 (Nov. 1992),[2] the applicable offense guideline for violations of 18 U.S.C. Sec. 922(a)(6), defendant's base offense level would be 14 because he was a prohibited person, U.S.S.G. Sec. 2K2.1(a)(6), with a two-level enhancement because the offense involved five to seven firearms. U.S.S.G. Sec. 2K2.1(b)(1)(B). By contrast, applying the version in effect at the time the offense occurred, U.S.S.G. Sec. 2K2.1 (Nov. 1990),[3] defendant's base offense level would be 12, with no enhancements. Thus, after a two-point reduction for acceptance of responsibility, defendant's total offense level was calculated at 10 (12-2).
 
 
 5
 Listed as relevant conduct in the presentence report were, inter alia, five firearms purchases made by defendant on August 22, 1991; August 23, 1991; August 26, 1991; August 27, 1991; and August 29, 1991. The report indicated that in each of those instances, defendant identified himself as Dobene Ricci, falsified ATF Form 4473 by certifying that he was not a prohibited person, and purchased the firearms with a check in the name of Dobene Ricci. These firearm purchases were not taken into account in calculating defendant's total offense level, however.
 
 
 6
 Defendant received a total of six criminal history points, placing him in criminal history category III. He received one point for a state conviction for unauthorized use of property pursuant to U.S.S.G. Sec. 4A1.1(c); two points for a 1988 conviction for passing bad checks under U.S.S.G. Sec. 4A1.1(b); and three points total for four separate state convictions for forgery of checks occurring between August 20, 1991 and January 25, 1992, which were consolidated for sentencing in accordance with U.S.S.G. Sec. 4A1.2, comment. (n. 1). Defendant pled guilty in state court to the four forgery cases on March 19, 1992. The state court imposed a sentence of eighteen months for each, all to run consecutively. One of those forgery convictions charges defendant with passing two stolen checks in the name of Dobene Ricci at Davis Guns, on August 22, 1991, the date of the instant federal offense, and August 23, 1991.
 
 
 7
 Defendant was sentenced in the instant case on September 24, 1993. Accepting the findings and conclusions of the probation officer, the district court sentenced defendant to a term of sixteen months, the maximum allowed under the guideline range for an offense level of 10 and criminal history score of III. See U.S.S.G., Ch. 5, Pt. A. The court further ordered, over defendant's objection, that the federal sentence be served consecutively to any unexpired state convictions. This timely appeal followed.
 
 II.
 A.
 
 8
 Defendant argues that the district court erred in failing to impose a concurrent sentence, or a partially concurrent sentence, to the sentence he was serving at the time of sentencing in the State of Ohio on what defendant characterizes as related charges. Specifically, defendant asserts that because the several firearms purchases outlined in the relevant conduct section of the presentence report involved the same underlying conduct as the federal sentence, the federal sentence should have been imposed to run concurrently to the undischarged term of imprisonment.[4] This argument is premised upon application of the 1992 version of U.S.S.G. Sec. 5G1.3, which mandates concurrent sentences in such instances.[5]
 
 
 9
 Defendant's request for piecemeal application of the guidelines is contrary to U.S.S.G. Sec. 1B1.11 (Nov. 1992),[6] and this court's recent decision in United States v. Milton, --- F.3d ----, No. 93-1522, 1994 WL 256672 (6th Cir. June 14, 1994) (Sec. 1B1.11 p.s. directs that the manual in effect on a particular date is applied in its entirety). See also United States v. Warren, 980 F.2d 1300, 1304-06 (9th Cir.1992) (pre-enactment of Sec. 1B1.11(b)(2), reaching same result), cert. denied, 114 S.Ct. 397 (1993); United States v. Lenfesty, 923 F.2d 1293 (8th Cir.) (same), cert. denied, 499 U.S. 968 (1991); United States v. Stephenson, 921 F.2d 438, 441 (2d Cir.1990) (same). Further, the amendments to Sec. 5G1.3 between the 1990 and 1992 versions are substantive rather than clarifying. See Sec. 1B1.11(b)(2) ("if a court applies an earlier edition of the Guidelines Manual, the court shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes"); Milton, 1994 WL 256672 at * 7.
 
 
 10
 Because the district court correctly determined that the 1990 version of the Sentencing Guidelines should apply so as to avoid an ex post facto problem in the application of the offense guideline Sec. 2K2.1, the 1990 Guidelines Manual applied in its entirety. U.S.S.G. Sec. 1B1.11; Milton, 1994 WL 256672 at * 7. Furthermore, assuming that the 1992 version of Sec. 5G1.3 was applicable, it is questionable whether all of the listed relevant conduct constituted the same crime or was part of the same course of conduct as the instant offense; and whether that conduct was "fully taken into account" in the determination of the total offense level. See U.S.S.G. Sec. 5G1.3(b) & comment. (n. 2). See also United States v. Brewer, 23 F.3d 1317, 1319 n. 3 (8th Cir. May 4, 1994) (subsection (b) of Sec. 5G1.3 should be applied only when a defendant has an undischarged term of imprisonment and that term results from an offense or offenses that have been fully taken into account in the determination of the offense level for the instant offense).
 
 
 11
 This still leaves the question of whether the district court properly considered whether a concurrent sentence should have been ordered. Title 18 U.S.C.A. Sec. 3584 vests sentencing courts with discretion impose consecutive or concurrent sentences when sentencing a defendant who is already subject to an undischarged term of imprisonment. 18 U.S.C.A. Sec. 3584(a) (1985). United States v. Jackson, 990 F.2d 251, 254 (6th Cir.1993). However, in making this determination, the court must consider the factors set forth in 18 U.S.C.A. Sec. 3553(a). 18 U.S.C.A. Sec. 3584(b). Section 3553(a), in turn, requires the court to consider any pertinent policy statement enacted by the United Sentencing Commission, U.S.C.A. Sec. 3553(a)(5); United States v. Coleman, 15 F.3d 610, 611-12 (6th Cir.1984); see generally United States v. Fossett, 881 F.2d 976, 980 (11th Cir.1989) (outlining analysis to be used when multiple terms of imprisonment), which brings us to the 1990 version of Sec. 5G1.3:
 
 
 12
 Imposition of a Sentence on a Defendant Serving an Unexpired Term of Imprisonment
 
 
 13
 If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status), the sentence for the instant offense shall be imposed to run consecutively to the unexpired term of imprisonment.
 
 Commentary
 
 14
 Under this guideline, the court shall impose a consecutive sentence where the instant offense (or any part thereof) was committed while the defendant was serving an unexpired term of imprisonment.
 
 
 15
 Where the defendant is serving an unexpired term of imprisonment, but did not commit the instant offense while serving that term of imprisonment, the sentence for the instant offense may be imposed to run consecutively or concurrently with the unexpired term of imprisonment. The court may consider imposing a sentence for the instant offense that results in a combined sentence that approximates the total punishment that would have been imposed under Sec. 5G1.2 (Sentencing on Multiple Counts of Conviction) had all the offenses been federal offenses for which sentences were being imposed at the same time. Where the defendant is serving a term of imprisonment for a state offense, the information available may permit only a rough estimate of the total punishment that would have been imposed under the guidelines. It is not intended that the above methodology be applied in a manner that unduly complicates or prolongs the sentencing process.
 
 
 16
 U.S.S.G. Sec. 5G1.3 (Nov. 1990) (emphasis added). Because Curry was not sentenced in state court for the four forgery convictions until March 1992, he did not commit the instant offense, which occurred on August 22, 1991, while serving a term of imprisonment. Thus, the district court clearly had discretion to impose a concurrent or consecutive or sentence, United States v. Wilson, 966 F.2d 243, 248 (7th Cir.1992) (Sec. 5G1.3 (Nov. 1990) did not apply to defendant because he committed instant offense before he was sentenced for earlier state conviction, and district court had discretion to impose a consecutive or concurrent sentence), and obviously chose the latter course.
 
 
 17
 Defendant argues, however, that the sentencing court erred in failing to "consider imposing a sentence that approximates the total punishment that would have been imposed under Sec. 5G1.2...." U.S.S.G. Sec. 5G1.3, comment. (Nov. 1990). However, under the 1990 version of Sec. 5G1.3, the district court was not required to do so. See United States v. Prendergast, 979 F.2d 1289, 1293-94 (8th Cir.1992) (Commentary to Sec. 5G1.3 (1990) gives sentencing court broad discretion; in contrast with amended version); United States v. Johnson, 970 F.2d 907, 286-87 (D.C.Cir.1992) (district court's decision to impose sentences consecutively was clearly within its discretion under Sec. 5G1.3, comment. (1990)). See also Wilson, 966 F.2d at 248 (record inconclusive as to district judge's understanding of section 5G1.3; remanded for resentencing on other grounds); United States v. Schmude, 901 F.2d 555, 560-61 (7th Cir.1990) (amended version of Sec. 5G1.3 (Nov. 1990) gives sentencing judge more discretion than original section, which provided that a sentence imposed under the Guidelines "shall run consecutive" to any unexpired sentence being served at the time of the federal sentencing; dicta); United States v. Stokes, No. 91-30161, 1992 WL 192397 at * 1 (9th Cir. Aug. 12, 1992) (guidelines in effect at time of sentencing did not require combined federal-state sentence to approximate total punishment that would have been imposed had all offenses been federal ones; guidelines' "mere suggestion" that district court could sentence defendant with reference to the corresponding all-federal term, "did not cabin the court's discretion in any way"); United States v. Lynn, No. 89-5481, 1991 WL 4644 at * 1 (4th Cir. Jan. 23, 1991) (language of policy statement to U.S.S.G. Sec. 5G1.3, comment. (Nov. 1990) "offers a suggestion" of how court's discretion to impose concurrent sentences where defendant is serving unexpired, unrelated term of imprisonment when sentenced on federal count may be exercised). Thus, it appears that the district court did not abuse its discretion in this case.
 
 
 18
 The analysis is not an end, however, because Sec. 3553(a) lists a number of other factors to be considered. These include:
 
 
 19
 (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
 
 
 20
 (2) the need for the sentence imposed--
 
 
 21
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 
 
 22
 (B) to afford adequate deterrence to criminal conduct;
 
 
 23
 (C) to protect the public from further crimes of the defendant; and,
 
 
 24
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
 
 
 25
 (3) the kinds of sentences available;
 
 
 26
 (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. Sec. 994(a)(1) and that are in effect on the date the defendant is sentenced;
 
 
 27
 ....
 
 
 28
 (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
 
 
 29
 (7) the need to provide restitution to any victims of the offense.
 
 
 30
 18 U.S.C.A. Sec. 3553(a) (1985 & Supp.1994).
 
 
 31
 The district court, in denying defendant's request for concurrent sentencing, stated:
 
 
 32
 THE COURT: Mr. Curry, I am sure you had a lot of time to reflect on what you did and I am sure you realize the seriousness of what you did and the danger that your actions have exposed members of the community to. The Court believes that even the maximum guideline sentence in this case is lenient for this offense.
 
 
 33
 ....
 
 
 34
 THE COURT: He is serving time for bad checks and now he will serve additional time for selling guns and drug abuse and that is the rationale of the Court's sentencing.
 
 
 35
 In addition, the court ruled that it was not imposing any restitution "because the offense of conviction does not involve the, has not resulted in the loss to the sellers of the firearms."
 
 
 36
 Thus, it is clear from the record that the district court did consider the factors enumerated in Sec. 3553(a) in its evaluation of whether a concurrent sentence was appropriate. The court considered defendant's propensity for writing bad checks and involvement in selling guns, factor (1); the need to protect the public, factor (2); and the need to provide restitution to any victims, factor (7). Although the district court did not mention Sec. 5G1.3 at the sentencing hearing, we note that its ruling is not inconsistent with the 1990 version of the guideline, for the reasons just discussed. Finally, we note that there is nothing in the record to support the district court's finding regarding drug abuse, but we do not think this error alone requires a remand. In sum, we conclude that the district court satisfied its obligation under Sec. 3553(a). Jackson, 990 F.2d 254-55.
 
 B.
 
 37
 Defendant also argues that he was not provided effective assistance of counsel in the advice he received concerning his plea agreement, thereby preventing his plea from being knowing and voluntary. More specifically, defendant claims that his counsel erred in assuming that the guidelines in effect at the time of sentencing would be used rather than the earlier version of U.S.S.G. Sec. 5G1.3. The purported harm is that defendant "agreed to a plea under the false assurance that his sentence should be concurrent, or at least that the issue would be determined through application of a guideline version which was written in language that called for a meaningful analysis of the facts...." (Appellant's Br. at 22.)
 
 
 38
 As a general rule, ineffective assistance claims are premature in a direct appeal. There is an exception, however, when the record is sufficiently developed to address the claim. United States v. August, 984 F.2d 705, 711 (6th Cir.1992), cert. denied, 114 S.Ct. 158 (1993); United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990) (per curiam). Because "it is well settled that a defense attorney's erroneous calculation and prediction of the sentencing guidelines is not a basis for setting aside a guilty plea," United States v. Hicks, 4 F.3d 1358, 1363 n. 3 (6th Cir.1993) (citing United States v. Stephens, 906 F.2d 251, 254 (6th Cir.1990)), there can be, in no event, any ineffective assistance of counsel claim on this basis.
 
 
 39
 In sum, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 These statutes provide in relevant part:
 Sec. 922. Unlawful Acts
 (a) It shall be unlawful--
 ....
 (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the unlawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter....
 18 U.S.C.A. Sec. 922(a)(6) (West Supp.1994).
 Sec. 924. Penalties
 (a)(1) Except as otherwise provided in this subsection, subsection (b), (c), or (f) of this section, or in section 929, whoever--
 ....
 (B) knowingly violates subsection (a)(4), (a)(6), (f), (k), or (q) of section 922; ...
 shall be fined not more than $5,000, imprisoned not more than five years, or both.
 18 U.S.C.A. Sec. 924(a) (West Supp.1994).
 
 
 [2]
 The 1992 version of U.S.S.G. Sec. 2K2.1 (Nov. 1992), states in pertinent part:
 Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition
 (a) Base Offense Level (Apply the Greatest):
 ....
 (6) 14, if the defendant is a prohibited person; or
 ....
 (b) Specific Offense Characteristics
 (1) If the offense involved three or more firearms, increase as follows:
 Number of Firearms Increase in Level
 ------------------ -----------------
 .... (B) 5-7 add 2
 3 U.S.S.G. Secs. 2K2.1 and 2K2.2 (Nov. 1990), provided in relevant part:
 Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition
 (a) Base Offense Level (Apply the greatest):
 ....
 (2) 12, if the defendant is convicted under 18 U.S.C. Sec. 922(g), (h), or (n); or if the defendant, at the time of the offense, had been convicted in any court of an offense punishable by imprisonment for a term exceeding one year; or
 ....
 (c) Cross References
 (1) If the offense involved the distribution of a firearm or possession with intent to distribute, apply Sec. 2K2.2 (Unlawful Trafficking and Other Prohibited Transactions Involving Firearms) if the resulting offense level is greater than that determined above.
 ....
 Unlawful Trafficking and Other Prohibited Transactions Involving Firearms
 (a) Base Offense Level:
 (1) 18, if the defendant is convicted under 18 U.S.C. Sec. 922(o) or 26 U.S.C. Sec. 5861;
 (2) 6, otherwise.
 Because the cross-reference under Sec. 2K2.1(c) to Sec. 2K2.2 resulted in a base offense level of 6, Sec. 2K2.2(a)(2), the greater offense level of 12 under Sec. 2K2.1(a)(2) applied.
 
 
 [4]
 Only the forgery committed on August 22, 1991 could be considered "related conduct." This makes no matter here, because of the applicable version of Sec. 5G1.3 (Nov. 1990)
 5 U.S.S.G. Sec. 5G1.3 (Nov. 1992) provides in relevant part:
 Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment
 (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
 (b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.
 6 U.S.S.G. Sec. 1B1.11, p.s., applies to sentences imposed on or after November 1, 1992. United States v. Warren, 980 F.2d 1300, 1306 (9th Cir.1992), cert. denied, 114 S.Ct. 397 (1993).