UNITED STATES of America,
Plaintiff–Appellee,

v.

John W. WILSON, Defendant–Appellant.

No. 90–2640.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 17, 1992.

Decided June 24, 1992.

Frederick J. Hess, U.S. Atty., Robert Haida, Asst. U.S. Atty., Kit R. Morrissey, Asst. U.S. Atty. (argued), Crim. Div., Fairview Heights, Ill., Michael C. Carr, Asst. U.S. Atty., Benton, Ill., for plaintiff-appellee.

Barry Levenstam, Jerold S. Solovy, Ellen R. Kordik, James L. Thompson (argued), Jenner & Block, Chicago, Ill., for defendant-appellant.

Before FLAUM, and MANION, Circuit Judges, and CURRAN, District Judge.*

MANION, Circuit Judge.

John W. Wilson appeals his conviction and 147 month sentence for conspiracy to possess with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Wilson raises two issues on appeal. First, he argues that the district court abused its discretion when it admitted into evidence a gun found in Wilson's car during an arrest leading to a prior conviction. Second, he challenges the district court's application of the Sentencing Guidelines in calculating his sentence. We affirm the conviction but remand the case to the district court for resentencing.

## I. Background

In November 1989, Wilson was convicted of possession with intent to distribute cocaine and possession of a firearm in the commission of a drug trafficking offense ("possession conviction"). On January 24,

* Hon. Thomas J. Curran, District Judge for the Eastern District of Wisconsin, is sitting by designation.

1990, while Wilson was released on bond pending sentencing for his possession conviction, the government indicted Wilson and three co-defendants for conspiracy to possess with intent to distribute cocaine. The indictment alleged that the offense occurred between January 1, 1989 and January 19, 1990. On May 11, 1990, a jury convicted Wilson of conspiracy to possess with intent to distribute cocaine ("conspiracy conviction"). It is the conspiracy conviction that is the subject of this appeal, but Wilson's arrest and subsequent conviction for possession play a part in his argument.

Wilson went to trial alone after his three co-defendants pleaded guilty to the charges in the January indictment pursuant to plea agreements. At trial, the government offered testimony from one of Wilson's co-defendants and others who had engaged in drug transactions with Wilson. In addition, the government offered the testimony of the Illinois State Police Officer who arrested Wilson in August 1989. It was Wilson's August 1989 arrest that led to his November 1989 possession conviction. At the time of the arrest, the officer performed an inventory search of Wilson's Nissan and in the trunk found a nine millimeter gun loaded with 15 rounds of nine millimeter ammunition on top of a duffle bag containing cocaine, a triple beam O'Hass scale, some empty plastic baggies and another small scale. The government admitted the duffle bag and its contents into evidence without objection. Wilson did object, however, when the government introduced the nine millimeter gun, but the court overruled the objection. Wilson offered no evidence.

After the sentencing hearing on July 16, 1990, the district judge imposed a sentence of 147 months imprisonment and five years supervised release for the conspiracy conviction. The sentence was to run concurrently with the 101 month sentence that Wilson had received on March 9, 1990, for his November 1989 possession conviction.

On appeal to this court, Wilson raises two issues. First, he argues that the district court should have excluded the gun because its prejudicial effect outweighed its probative value. Second, he maintains that the district judge misapplied the Sentencing Guidelines.

## II. Discussion

### A. Admission of the Gun

■ In his appeal, Wilson invokes Fed. R.Evid. 403 which provides that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." Wilson concedes on appeal that guns are relevant to show that a defendant knowingly and intentionally possessed drugs. However, Wilson points out that he had already been convicted of possession with intent to distribute in November 1989 and could not contest that issue at his May 1990 conspiracy trial. Since knowledge and intent to possess were not at issue, Wilson argues that the gun had little probative value with respect to the issue of his conspiracy while it had substantial prejudicial effect. Wilson maintains that after determining that the gun was relevant, the district court should have engaged in Rule 403 balancing.

Although Wilson objected to the admission of the gun both before and at trial, he did not raise Rule 403 or even mention the prejudicial effect of the gun before the district court. When the government proffered testimony about the gun, Wilson stated that the gun had "no relevance to today's charge [conspiracy]" without mentioning the gun's prejudicial effect. (Tr. at 86). Later, at a side bar conference, the district court justified its ruling on the record by explaining that this court's decisions in *United States v. Alvarez,* 860 F.2d 801 (7th Cir.1988), *cert. denied,* 490 U.S. 1051, 109 S.Ct. 1966, 104 L.Ed.2d 434 (1989) and *United States v. Rush,* 890 F.2d 45 (7th Cir.1989) held that guns are "tools of the [drug] trade" and are relevant when found in close proximity with the drugs. (Tr. at 135). Once again, Wilson did not raise the gun's prejudicial effect.

The government argues that by not raising the prejudicial effect of the gun or Rule 403 before the district court, Wilson waived

the issue on appeal. We agree. An objection based on "relevance" does not preserve an error based on Rule 403. *United States v. Mejia*, 909 F.2d 242, 246 (7th Cir.1990). Under Fed.R.Evid. 103(a)(1) error may not be predicated upon a ruling that admits evidence unless a timely objection appears on the record "stating the specific ground of objection, if the specific ground was not apparent from the context." Fed.R.Evid. 103(a)(1). Providing specific grounds for an objection alerts the district judge to the asserted nature of the error and enables opposing counsel to take proper corrective action. Fed.R.Evid. 103 Advisory Committee Notes. Wilson's objection based on "relevance" alerted the court to consider two rules of evidence: Rule 401, which defines relevant evidence, and Rule 402, which provides that relevant evidence is generally admissible, but irrelevant evidence is not.[1] Wilson implicitly asked the court to exclude the gun under Rule 402 because it did not fit the definition in Rule 401. Rule 403, on which Wilson now relies, however, constitutes one of the exceptions to Rule 402. It provides that even if the evidence is "relevant" the court may exclude it because of its extensive prejudicial effect. Wilson's objection was not specific enough to alert the district court to Wilson's concerns about the prejudicial effect of the gun, and therefore Wilson did not properly preserve for appeal any error based on Rule 403. *See Mejia*, 909 F.2d at 247 (defendant cannot complain about Rule 403 balancing on appeal since he never gave the district court the opportunity to balance probative value against prejudice); *United States v. Chaidez*, 919 F.2d 1193, 1202–1203 (7th Cir.1990), *cert. denied sub nom. Chavira v. United States*, —— U.S. ——, 111 S.Ct. 2861, 115 L.Ed.2d 1028 (1991) (defendant's assertion that drug records were irrelevant was insufficient to preserve on appeal his argument based on Rule 403); *also see* C.

McCormick, *McCormick on Evidence* § 52 at 130 (E. Cleary, 3d ed. 1984) (in principle, a relevance objection does not raise Rule 403 considerations).

Wilson argues that once a court embarks on a relevance inquiry it must also consider the evidence's probative value compared to its prejudicial effect. However, to reach his conclusion, Wilson reads too much into this court's decision in *Alvarez*. In *Alvarez*, the defendants, who had been convicted of narcotics distribution conspiracy and operation of racketeering enterprise, argued that the district court should have excluded a pistol from evidence either because the pistol was irrelevant or because its prejudicial effect outweighed its probative value. *Alvarez*, 860 F.2d at 829. The court joined the "overwhelming majority of courts of appeal" and held that the pistol was relevant as a "tool of the trade." *Id.* at 829–30. The opinion continued:

> However, our analysis does not stop here. We must determine if the pistol should not have been admitted because it unduly prejudiced the appellant. *See* Fed.R.Evid. 403 [footnote omitted].

*Id.* at 830. Wilson argues that under *Alvarez* a court must consider not only relevance but "*must* determine whether to exclude the evidence because the danger of unfair prejudice outweighs its probative value." (Appellant's Brief at 17) (emphasis added). Wilson is wrong. Nothing in *Alvarez* indicates that a court must apply Rule 403 even if the defendant did not raise the issue of unfair prejudice at trial. *Alvarez* simply does not address the issue of waiver.

■ Since Wilson waived his Rule 403 argument below, we must review the admission of the gun under the plain error doctrine of Fed.R.Crim.P. 52(b). Fed.R.Evid. 103(d). In order to show plain error, Wilson would have to show not only

---

1. Fed.R.Evid. 401 defines "relevant" evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

Fed.R.Evid. 402 states that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."

that the district court should have excluded the gun under Rule 403 but also that "but for" the erroneously admitted evidence, Wilson "probably would have been acquitted." *Mejia*, 909 F.2d at 247 (7th Cir.1990) (quoting *United States v. Carroll*, 871 F.2d 689, 692 (7th Cir.1989)). Even if it would have been improper to admit the gun over an objection based on Rule 403, we cannot say that Wilson probably would have been acquitted but for the admission of the gun. The record is replete with evidence from which the jury could convict Wilson. Two witnesses, Moore and Gunn, testified that Wilson was their source of supply and described in detail how Wilson fronted them the cocaine so they could sell it and return part of the profit to him. Both witnesses testified about meeting Wilson at the Best Inn in Carbondale, Illinois, for drug transactions, and their testimony was corroborated by the hotel manager's testimony. Both Moore and Gunn testified about calling Wilson to attempt to obtain cocaine. Taped telephone conversations corroborated Moore's testimony that he had Wilson's beeper and home telephone numbers. Telephone numbers in Gunn's wallet corroborated Gunn's testimony. Details about Wilson's arrest in August 1989 supported Gunn and Moore's testimony that Wilson supplied them with cocaine. The government entered all the contents of Wilson's trunk into evidence during the arresting officer's testimony including the scale, the cocaine, the plastic baggies, and the gun. In light of the wealth of evidence supporting the conspiracy charges against Wilson, we cannot conclude that the jury probably would have acquitted Wilson but for the gun. Therefore, we hold that the admission of the gun did not constitute plain error in this case.

*B. Sentence*

■ Our review of the district court's sentence is limited by Congress, but a court of appeals may remand a case for further sentencing procedures if the sentence results from an incorrect application of the Sentencing Guidelines. 18 U.S.C.

§ 3742(f). The Supreme Court has recently confirmed that "a sentencing court's use of an invalid departure ground is an incorrect application of the Guidelines." *Williams v. United States*, —— U.S. ——, 112 S.Ct. 1112, 1119, 117 L.Ed.2d 341 (1992). Wilson maintains that the district court based an upward departure on a misunderstanding of U.S.S.G. § 5G1.3 and incorrectly applied U.S.S.G. § 2J1.7. From our review, we conclude that the case must be remanded for further sentencing proceedings.

The parties agree on the base offense level and the enhancement applicable to Wilson. The base offense level for the conspiracy conviction is 26. Pursuant to the government's motion, U.S.S.G. § 2J1.7 also applies to Wilson. Section 2J1.7 provides for a three level enhancement of the base offense level if 18 U.S.C. § 3147 applies. Section 3147 provides that a person convicted of an offense committed while released under the Bail Reform Act[2] shall be sentenced to a term of imprisonment of not more than ten years for a felony to run consecutively to any other sentence of imprisonment. Applied to Wilson, section 2J1.7 brings the offense level up to 29. Since Wilson came under Criminal History I, the range for his sentence was 87 to 108 months.

The issue in this case arose when the district court tried to take into account Wilson's previously imposed 101 month sentence for his November 1989 possession conviction. The government proposed that Wilson receive 87 months more than the 101 months, but the district judge stated at the sentencing hearing that he thought 188 months was too long. On the other hand, the district judge thought some additional time was in order. To solve his dilemma, the district judge decided to depart upward pursuant to U.S.S.G. § 5K2.0. The district judge apparently calculated his departure guided by the commentary in U.S.S.G. § 5G1.3 which provides in part:

> *Where the defendant is serving an unexpired term of imprisonment, but did not commit the instant offense while serving that term of imprison-*

---

2. Wilson committed the offense while on pre- sentence release under 18 U.S.C. § 3143.

*ment,* the sentence for the instant offense may be imposed to run consecutively or concurrently with the unexpired term of imprisonment. The court may consider imposing a sentence for the instant offense that results in a combined sentence that approximates the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time....

U.S.S.G. § 5G1.3 Commentary (1990) (emphasis added). After concluding that sentencing for all the November 1989 and May 1990 convictions together would have resulted in a guideline range of 147 to 168 months, the district judge imposed a sentence of 147 months concurrent with the 101 months Wilson had already received.

Wilson maintains that the district judge departed because he erroneously thought that section 5G1.3 would have required the 87 to 108 months to run consecutively to the 101 months previously imposed. Wilson correctly points out that section 5G1.3 did not apply to him. At the time of Wilson's sentencing, section 5G1.3 read as follows:

> If the instant offense was committed while the defendant was serving a term of imprisonment ... the sentence for the instant offense shall be imposed to run consecutively to the unexpired term of imprisonment.

U.S.S.G. § 5G1.3 (1990). Since Wilson was not sentenced for his November conviction until March 1990, he did not commit the instant offense while serving a term of imprisonment, and the district judge had discretion to impose a consecutive or concurrent sentence. *See United States v. Schmude,* 901 F.2d 555, 560–61 (7th Cir. 1990). The government argues that the district judge did not misunderstand sec-

3. We note that the Sentencing Commission has amended section 5G1.3 to include the quoted text in the Guidelines itself rather than in the commentary. U.S.S.G. § 5G1.3 (1991).

4. The government concedes that the district judge did not properly apply U.S.S.G. § 2J1.7. (Government's Brief at 26.)

tion 5G1.3, and in fact, the district judge stated on two occasions that he had the option to impose Wilson's sentence consecutively or concurrently. The government contends that the district judge relied only on the commentary to section 5G1.3 quoted above as a guide and that commentary does apply to Wilson.[3] After reviewing the transcript of the sentencing hearing and the judge's written explanation of Wilson's sentence, we find the record inconclusive as to the district judge's understanding of section 5G1.3.

▪ Even if the district judge had the correct understanding of section 5G1.3 and could have applied the commentary, however, he must resentence Wilson because the district judge misapplied section 2J1.7. Although the district judge applied section 2J1.7 to raise the offense level to 29, he did not comply with the application notes to section 2J1.7 that provide:[4]

> [T]he court, in order to comply with the statute [18 U.S.C. § 3147], should divide the sentence on the judgment form between the sentence attributable to the underlying offense and the sentence attributable to the enhancement. The court will have to ensure that the "total punishment" (*i.e.,* the sentence for the offense committed while on release plus the sentence enhancement under 18 U.S.C. § 3147) is in accord with the guideline range for the offense committed while on release, as adjusted by the enhancement in this section.

U.S.S.G. § 2J1.7 Application Note 2 (1990). The application notes also provide that the sentence "imposed under 18 U.S.C. § 3147 must run consecutively to any other sentence of imprisonment." *Id.* The district judge neither apportioned the sentence nor ordered the portion attributable to the enhancement to run consecutively to other sentences of imprisonment.[5]

5. Even though apportionment and a consecutive sentence are mandated by the Application Notes, not by section 2J1.7 itself, the meaning of a Guideline is affected by policy statements. Application Notes, Commentary and Policy statements are guides to interpretation of the Guidelines themselves and should not be ignored. *See Williams,* 112 S.Ct. at 1119–1120

According to the application notes to section 2J1.7, the district judge should have first chosen a "total punishment" between 87 and 108 months (Criminal History I, Adjusted Offense 29). Next, he should have apportioned that sentence between the underlying conspiracy offense and the enhancement. That means that the part of the total sentence that could have been imposed without the enhancement is attributed to the underlying offense and the part of the total sentence that could not have been imposed without the enhancement is "the sentence attributable to the enhancement." Without the enhancement, the proper range for sentencing in this case would have been 63 to 78 months (Criminal History I, Base Offense Level 26). Therefore, the district judge could have attributed anywhere from 63 to 78 months to the underlying offense and anything more than that to the enhancement so long as the total sentence (the sentence for the underlying offense plus the sentence for the enhancement) was between 87 and 108 months. Finally, the district judge could have run the portion attributable to the underlying offense concurrently or consecutively to the 101 month sentence already imposed; but he would have been obligated to run the portion attributable to the enhancement consecutively to "any other sentence," which would include the 101 month sentence previously imposed.[6] *Cf. United States v. Lincoln*, 956 F.2d 1465, 1474 (8th Cir.1992) (The portion of the sentence attributable to the enhancement must run consecutively to any other sentence, including prior sentences and the sentence for the underlying offense. The portion of the

sentence attributable to the underlying offense may run consecutively or concurrently with previously imposed sentences). In short, using section 2J1.7 would have allowed the district judge to impose a total sentence within the 87 to 108 month range and run part of that sentence consecutive to the 101 month sentence Wilson was already serving.

For example, if the total sentence were 100 months, the judge could attribute 75 months to the underlying offense and 25 months to the enhancement. The 75 months could run either consecutively or concurrently with the 101 months. The 25 months must run consecutively to any other sentence of imprisonment, including the 101 months previously imposed.

■ Because of the district court's misapplication of section 2J1.7, we must remand Wilson's case for resentencing. "[O]nce [a] court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, *i.e.*, that the error did not affect the district court's selection of the sentence imposed." *Williams*, 112 S.Ct. at 1121. We cannot conclude that the district judge's misapplication of section 2J1.7 did not affect the sentence imposed. By properly applying section 2J1.7, the district court might have addressed its concern that Wilson's conduct called for some additional time but less than 188 months. If the judge had addressed that concern, he might not have departed under section 5K2.0.

(policy statements affect the meaning of Guidelines); *United States v. Pinto*, 875 F.2d 143, 144 (7th Cir.1989) (application notes are guides to meaning of Guidelines, but in the event of a conflict we would follow the Guideline, not the notes).

**6.** The Background notes to section 2J1.7 state that "the court is required to impose a consecutive sentence of imprisonment under this provision, but there is no requirement as to any minimum term." U.S.S.G. § 2J1.7 Background (1990). Furthermore, section 3147 does not state that a minimum must be imposed. However, it is only "the sentence of imprisonment imposed under 18 U.S.C. § 3147" that "must run

consecutively to any other sentence of imprisonment." U.S.S.G. § 2J1.7 Application Note 2 (1990). Since, in Wilson's case, between 63 and 78 months would have been imposed without the enhancement, nothing over that range can be attributed to the underlying offense and must be attributed to section 3147. Since the total sentence must be between 87 and 108, anywhere from 9 (87 minus 78) to 45 (108 minus 63) months will be attributable to the enhancement. Therefore, unless the total sentence is run consecutively to the prior sentence, at least 9 months but no more than 45 months must run consecutively to the prior sentence.

### III. Conclusion

For the foregoing reasons, Wilson's conviction is AFFIRMED, but the district court's judgment is VACATED and we REMAND this case to the district court for resentencing in accord with this opinion.