**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Tommy Blake McCARY,**
**Defendant–Appellee.**

No. 94–7080.

United States Court of Appeals,
Tenth Circuit.

June 15, 1995.

John Raley, U.S. Atty., and Dennis A. Fries, Asst. U.S. Atty., Muskogee, OK, for plaintiff-appellant.

R. Jay Cook, Muskogee, OK, for defendant-appellee.

Before BRORBY, GODBOLD,* and HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

Upon mutual consent of the parties, this case has been submitted for decision on the briefs. *See* Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9.

## I

The government brings this appeal, the second in this case, to argue that defendant-appellee McCary, who is subject to a 211–month sentence imposed by the United States District Court for the Northern District of Texas, should serve the 17–month enhancement portion of his 63–month sentence in the instant case consecutively to, not concurrently with, the 211–month Texas federal sentence. On January 31, 1992, McCary had pleaded guilty to possession of methamphetamine with intent to distribute in the Texas case and had been released on bond pending sentencing. When he failed to contact the probation office or appear for presentence interviewing, a warrant was issued for his arrest. He was arrested on July 11, 1992, in Durant, Oklahoma. A loaded gun was found in the closet of the house where he was hiding and he also had a stolen car.

On September 11, 1992, McCary was sentenced in the Texas federal court to 211 months' imprisonment on the methamphetamine charge. Then after a jury trial in November 1992 in the instant Oklahoma federal case, defendant was convicted of possessing a firearm in or affecting commerce, while a fugitive from justice, 18 U.S.C. § 922(g)(2), and of possessing a stolen vehicle, which had crossed a State line, the defendant knowing it had been stolen, 18 U.S.C. § 2313(a). He was initially sentenced to 46 months' imprisonment for each of the two

offenses, to run concurrently with the Texas federal sentence.

McCary appealed and the government cross-appealed. This court rejected McCary's contentions in that first appeal, but on the government's cross-appeal vacated the sentence and remanded to the district court with directions that it reconsider the impact of 18 U.S.C. § 3147 and USSG § 2J1.7 on the sentences imposed. *United States v. McCary,* 14 F.3d 1502 (10th Cir.1994) *(McCary I ).*

On remand, the court imposed a sentence on the firearms count of 46 months "on the underlying conduct" and, pursuant to 18 U.S.C. § 3147, 17 months' enhancement to run consecutively to the 46 months for committing the offense while released on bond. The same sentence was entered on the stolen vehicle offense. These sentences on both counts were, however, ordered to run concurrently with the 211–month Texas federal sentence. The trial judge also imposed special assessments of $50 on each of the two counts. The government again appeals, challenging the sentence insofar as it did not make the 17–month enhancement run consecutively to the Texas 211–month sentence.

## II

■ The district court was directed by *McCary I* to reconsider the impact of 18 U.S.C. § 3147 and USSG § 2J1.7 on remand. Section 3147 mandates enhanced punishment for offenses committed while "released under" Chapter 207 ("Release and Detention Pending Judicial Proceedings") of Part II of Title 18 U.S.C. We feel that § 3147 clearly applies to McCary's circumstances. Section 3147 provides in part:

A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense, to—

(1) a term of imprisonment of not more than ten years if the offense is a felony;

. . . .

* Honorable John C. Godbold, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

A term of imprisonment imposed under this section *shall be consecutive to any other sentence of imprisonment.*

18 U.S.C. § 3147 (emphasis added).

■ USSG § 2J1.7 provides that in making an enhancement under § 3147, the defendant's offense level is to be increased three levels. Application note 2 to this guideline section states in part:

Under 18 U.S.C. § 3147, a sentence of imprisonment must be imposed in addition to the sentence for the underlying offense, and the sentence of imprisonment imposed under 18 U.S.C. § 3147 *must run consecutively to any other sentence of imprisonment.* Therefore, the court, in order to comply with the statute, should divide the sentence on the judgment form between the sentence attributable to the underlying offense and the sentence attributable to the enhancement.....

(Emphasis added).

As directed by this court's remand for reconsideration of the original sentence, the district court applied USSG § 2J1.7 to determine the offense level. The judge correctly followed application note 2 of § 2J1.7 in dividing the sentences between those attributable to the underlying offenses and those attributable to the § 3147 enhancements, assigning 46 months to the former and 17 months to the enhancement. We believe the court erred, however, in not following the mandate of § 3147 to provide that the 17-month enhancements would run consecutively to the previously imposed Texas 211-month sentence.

■ McCary argues that the district court correctly applied USSG § 5G1.3(b), which provides that the sentence on the "instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." Section 5G1.3 deals with sentences of defendants "subject to an undischarged term of imprisonment." Subsection (a) does not apply unless the offense is committed while in prison and so is inapplicable here. Subsection (b), which the district judge cited as authority for his decision to make the subject sentences run concurrently with the Texas sentence, applies only if "the undischarged

term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense...."

McCary offers scant explanation for why he thinks the "undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense" so as to make § 5G1.3(b) applicable. We note, however, that the Texas drug offense was "taken into account" in setting the offense level for the firearm count. That is, various offense levels may apply to firearms convictions depending on factors such as the number or nature of firearms involved and whether the defendant has had prior convictions for crimes of violence or for controlled substance offenses. McCary's offense level was determined with consideration of the fact that he had been convicted of a drug offense in the Texas case. USSG § 2K2.1(a)(4)(A). Thus, his offense level was 20, where absent that conviction it apparently would have been 12. *McCary I,* 14 F.3d at 1505. Whether the Texas conviction was "fully" taken into account within the meaning of this guideline comment is another matter. We express no opinion on this question, however, because it is clear that the statutory directive of § 3147, and the more specific Guidelines provision in § 2J1.7, must in any event take precedence.

The Sentencing Commission's statutory authority to promulgate the Guidelines requires that the sentencing range established "for each category of offense involving each category of defendant" be "consistent with all pertinent provisions of title 18...." 28 U.S.C. § 994(b)(1); *United States v. Shewmaker,* 936 F.2d 1124, 1127 (10th Cir.1991), *cert. denied,* 502 U.S. 1037, 112 S.Ct. 884, 116 L.Ed.2d 788 (1992). Any apparent inconsistencies should be harmonized, if possible, by construing the more specific provision to qualify or limit the general. *Shewmaker,* 936 F.2d at 1128. Thus, we conclude that the more general provisions of USSG § 5G1.3(b), even if otherwise applicable, must be limited in the circumstances of this case by the more specific provisions of 18 U.S.C. § 3147 and USSG § 2J1.7. We thus need not and do not decide whether USSG § 5G1.3(b) would oth-

erwise apply here or whether, alternatively, the residual provisions of § 5G1.3(c) would apply, because § 5G1.3 is more general than 18 U.S.C. § 3147 and its Guidelines implementation in § 2J1.7. Only through applying USSG § 2J1.7 can we implement the statutory imperative of § 3147, and it is axiomatic that such a specific statute must control over any inconsistent Guidelines provision. 28 U.S.C. § 991(b)(1).

In addition to contending that a concurrent sentence is mandated by USSG § 5G1.3(b), McCary cites *United States v. Wilson*, 966 F.2d 243, 248 (7th Cir.1992), for the somewhat conflicting proposition that the district court had discretion to order the sentence for the instant offense to run either concurrently or consecutively to the Texas federal sentence of 211 months. McCary's reliance on *Wilson* is misplaced. That case actually held that a consecutive sentence as to the enhancement was required by 18 U.S.C. § 3147. *Id.* at 248–49. The same view of the effect of 18 U.S.C. § 3147 has been expressed by the Ninth and Eighth Circuits. *See United States v. Galliano*, 977 F.2d 1350, 1351 (9th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1399, 122 L.Ed.2d 772 (1993); *United States v. Lincoln*, 956 F.2d 1465, 1473–74 and n. 8 (8th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 259, 121 L.Ed.2d 190 (1992) (Because an enhancement for an offense committed on release "shall be consecutive to any other sentence of imprisonment," 18 U.S.C. § 3147 (1988), a defendant may not be permitted to serve the term of such an enhancement concurrently to any other term of imprisonment.).

We agree with the holdings in these cases. The language of § 3147 is clear and unambiguous. We hold that the district court erred in failing to follow the mandate of § 3147 on the consecutive running of the 17–month enhancement sentences after service of the 211–month Texas sentence, which comes within the broad provision of the statute covering "any other sentence of imprisonment." The district judge's judgment appealed herein, at page 2, specified the defendant's commitment to be

> 46 months on the underlying conduct in count 1 [the firearms count] and 17 months

to run consecutive for committing the offense while on bond. The defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of 46 months on the underlying conduct in count 2 [possession of the stolen motor vehicle moved interstate] and 17 months to run consecutive for committing the offense while on bond. The total sentence in each of counts 1 and 2 is 63 months. Such terms of imprisonment are to run concurrently with each other *and concurrently with the sentence imposed on September 11, 1992, in the U.S. District Court, Northern Dist. of Texas.* . . . The imposition of this sentence is governed by the provisions found in Section 5G1.3(b) of the Sentencing Guidelines.

(Emphasis added).

The *only* claim of error in the sentencing provisions asserted by the government is that "at a minimum, the 17 month 'sentencing enhancement' should have been ordered to run consecutively to the 211 month Texas sentence." Brief of Plaintiff/Appellant at 6, 8. The government's position is that the total sentence of 63 months was lawful under USSG § 2J1.7, which our remand in *McCary I* ordered to be reconsidered along with 18 U.S.C. § 3147. The government also says that USSG § 5G1.3(a) and (b) do not apply here, leaving only § 5G1.3(c) which required incremental punishment of at least 17 months—which was the amount of the enhancements imposed here. *Id.* at 5–6. The government rejects the idea that the entire 63–month sentences should run consecutively to the 211–month Texas sentence, *id.* at 6–7, and we agree.

We agree, too, with the government's position in the conclusion of its brief that the district court should have ordered the 17–month enhancement portion of its 64–month concurrent sentences to run consecutively to the previously imposed 211–month Texas sentence. We are persuaded, in accord with the *Wilson, Galliano* and *Lincoln* cases cited above, that this flows from the terms of § 3147. Therefore we do not get into the

analysis the government does under USSG § 5G1.3.[1]

Accordingly, we remand the case with directions that the sentence imposed, following our earlier remand, be vacated by the district court and that the defendant be resentenced in accord with this opinion.

---

1. The government does not suggest that the two enhancement terms should run consecutively to each other. We thus do not consider this issue and express no opinion on whether such a result is required or permitted in these circumstances, *i.e.* where the defendant is convicted of more than one offense while on release. No such issue being raised on appeal as indicated in the text, the district court should provide, as it did earlier, that the § 3147 enhancements run concurrently with each other, but also should order that they run consecutively to the 211–month Texas sentence, which we hold herein to be required by § 3147.