67 F.3d 309
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James H. GALLAHER, Defendant-Appellant.
 No. 94-30377.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 11, 1995.
Decided Sept. 25, 1995.
 
 Before: WRIGHT, ALARCON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gallaher appealed his sentence for abusive sexual contact and we remanded. At the resentencing hearing, the district court imposed the same sentence, but then imposed a different sentence in its written order. Gallaher again appeals. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We vacate the sentence and remand for resentencing.
 
 A. Pronouncement of Sentence
 
 3
 We reject Gallaher's contention that the court " 'pronounced' no words at the sentencing hearing that can be construed" as the sentence. At the outset, the court noted that the quantum of the sentence had been decided, and that the only issue was whether the 70-month term should run consecutively to the 21-month term. The court referred repeatedly to the 70-month sentence, and to the fact that it was not revisiting the question whether 70 months was the correct sentence. The court unambiguously imposed a 70-month sentence and the subsequent opinion had no legal effect. United States v. Hicks, 997 F.2d 594, 597 (9th Cir.1993) (legally cognizable sentence is the actual oral pronouncement in the presence of defendant).
 
 B. Application of the Guidelines
 
 4
 The court was instructed by our prior memorandum disposition to use the Guidelines to determine the extent to which it might depart upward by making the sentences consecutive. The court correctly determined Gallaher's base offense level of 16 (46-57 months), and then exercised its discretion to depart upward by 13 months to account for the severity of his criminal history. This departure resulted in a Guideline range of 59-70 months. The court should then have added a three-level enhancement for a total of 76-91 months. U.S.S.G. Sec. 2J1.7; see, e.g., United States v. McCary, 58 F.3d 521, 523 (10th Cir.1995) (explaining application of Sec. 2J1.7 and noting that the guideline applied to defendant who committed offense after failing to appear for sentencing on prior offense). Under Sec. 5G1.3(b), this sentence must be concurrent with the 21-month sentence for theft. The court erred when, instead of first applying Sec. 2J1.7 to arrive at a recommended Guideline sentencing range, it reimposed the fully consecutive sentences as an upward departure. A major ground of its departure was that the crime had been committed when on release. That ground of the upward departure should have been subsumed by the Sec. 2J1.7 enhancement.
 
 C. Harmless Error
 
 5
 We may affirm only if we find "on the record as a whole" that the district court "would have imposed the same sentence" but for the error.[1] Williams v. United States, 503 U.S. 193, 203 (1992). The court had a 74-91 month range to choose from for the sexual contact offense, including the enhancement.[2] Unfortunately, we cannot discern from the record where in that range the district court would have sentenced if it had correctly applied Sec. 2J1.7. The court noted at the sentencing hearing that if it were to apply Sec. 2J1.7, "I would impose a sentence probably similar to what I did here, 13 months above the high range of 78 months ... 91 months, which gives us a total of the two sentences." But when the court applied Sec. 2J1.7 in its written order, it sentenced the defendant to only 83 months. Although the 83-month sentence in the written order has no legal effect, it illustrates that the district court might not have imposed the maximum available sentence on Gallaher.[3]
 
 
 6
 SENTENCE VACATED AND REMANDED FOR RESENTENCING.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We review only the oral sentence under this standard. The subsequent written sentence cannot be reviewed for harmless error because a sentence imposed in the absence of the defendant violates due process. Hays v. Arave, 977 F.2d 475, 476 (9th Cir.1992)
 
 
 [2]
 The fact that the same sentence is available under both the correct and incorrect sentencing ranges is not, without more, an adequate basis for affirmance. United States v. Rodriguez-Razo, 962 F.2d 1418, 1423-25 (9th Cir.1992). "[I]t is the prerogative of the district court, not the court of appeals, to determine, in the first instance, the sentence that should be imposed...." Williams, 503 U.S. at 205
 
 
 [3]
 We note as well that the district court inadvertently misstated the Guideline range for an offense level 19, criminal history category VI, as being 70-87 months. It actually is 63-78 months. We do not know whether this error affected the sentence in the written order