**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Carl F. YOUNG, Defendant–Appellant.**

**Nos. 01–3415, 01–3417.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 24, 2003.

Decided March 12, 2003.

Before BAUER, RIPPLE, and EVANS, Circuit Judges.

## ORDER

Carl F. Young pleaded guilty to charges of conspiracy with intent to distribute and to distribute methamphetamine and possession of a firearm by a convicted felon. The district court sentenced Young to 188 months for the drug conspiracy offense and 46 months for the firearm offense, to run consecutively. Young appeals, claiming the court erred in its sentencing determination and that the government breached the plea agreement. For the reasons explained below, we reverse and remand.

## BACKGROUND

On August 18, 1999, a grand jury indicted Young for conspiracy to possess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846. While Young was on

pretrial release, he was arrested while in possession of a firearm. He was later indicted on March 8, 2000 in a second indictment for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and committing an offense while on pretrial release, in violation of 18 U.S.C. § 3147. Young pleaded guilty to conspiracy with intent to distribute and to distribute methamphetamine and possession of a firearm by a convicted felon. In exchange for Young's guilty plea, the government promised, *inter alia*, to dismiss the § 3147 violation in the second indictment, recommend a sentence at the minimum level of the sentencing guidelines for all offenses, and apprise the court of the nature and extent of the acceptance of responsibility demonstrated by Young. Young pleaded guilty pursuant to the plea agreement on March 23, 2001.

The probation officer prepared a presentence investigation report (PSR) prior to sentencing. The PSR noted that Young's adjusted offense level for the conspiracy charge was 36. The base offense level for the felon in possession charge was 20. Three offense levels were added to the possession charge pursuant to U.S.S.G. § 2J1.7 because Young committed the offense while he was on pretrial release. After denying the acceptance of responsibility reduction, the PSR determined that the two counts should be grouped pursuant to U.S.S.G. § 3D1.2(b). Under the grouping rules of the sentencing guidelines, the higher offense level applied, which was the adjusted offense level for the conspiracy conviction, 36. With a criminal history category of I, Young's guideline range was 188 to 235 months. In addition, the PSR contended that the sentences for the two counts were to run consecutively based on 18 U.S.C. § 3147. This was not required.

The district court held a sentencing hearing on August 17, 2001. At the hearing, the government failed to recommend the low end of the guidelines and did not recommend a three level reduction for acceptance of responsibility as it had promised in the plea agreement. The district court sentenced Young to 188 months for the drug conspiracy offense and 46 months for the firearm offense, to run consecutively.

## ANALYSIS

### A. Imposition of the Sentence

Young believes the district court erred in its sentencing determination for three reasons. He first maintains the court erred when it imposed his sentence for the firearm count to run consecutively with the sentence for the conspiracy count. Young next argues that the court failed to properly calculate his sentencing guidelines range. Finally, Young contends the dismissal of the § 3147 violation rendered the count impotent. The government agrees with Young's first two arguments but disputes Young's contention concerning the effect of the § 3147 dismissal.

We review a district court's application of the sentencing guidelines *de novo*. *United States v. Ellison*, 113 F.3d 77, 79 (7th Cir.1997). However, Young failed to make objections to certain arguments he raises in this appeal, warranting plain error review. *United States v. Wilson*, 966 F.2d 243, 246–47 (7th Cir.1992). The applicable standard of review does not affect our conclusion as the government admits that the district court committed plain error in calculating Young's sentence.

The parties both assert that the district court erred when it determined the sentences had to run consecutively. 18 U.S.C. § 3147 does not require that the sentence for the actual offense committed while on release run consecutively to all other sentences. However, § 3147 does require the

sentence received as punishment for committing an offense while on release run consecutively to the other sentences; *i.e.,* the amount of the sentence attributable solely to the sentencing enhancement must run consecutively to any other sentence.

The second mistake concerns the calculation of the guidelines range. The sentencing guidelines implement 18 U.S.C. § 3147 through U.S.S.G. § 2J1.7. The guidelines instruct that in order to comply with 18 U.S.C. § 3147, a sentencing court "should divide the sentence on the judgment form between the sentence attributable to the underlying offense and the sentence attributable to the enhancement. The court will have to ensure that the 'total punishment' (*i.e.,* the sentence for the offense committed while on release plus the sentence enhancement under 18 U.S.C. § 3147) is in accord with the guideline range for the offense committed while on release, as adjusted by the enhancement in this section." U.S.S.G. § 2J1.7, Application Note 2.

As both parties point out, the district court had to determine the amount of the total sentence attributable to the underlying offense and the amount attributable to the sentencing enhancement. *See United States v. Wilson,* 966 F.2d 243, 249 (7th Cir.1992). The sentence for conspiracy should have been considered before the other sentences. Young had an adjusted offense level of 36 and a criminal history category of I, which put Young's guidelines range between 188 to 235 months. As noted below, the government would be required by the plea agreement to recommend 188 months, the low end of the guidelines range.

Following this calculation, the court then should have determined the sentence for the felon in possession conviction. With an adjusted offense level of 20 and a criminal history category of I, Young's guidelines range for the felon in possession conviction and the sentencing enhancement would be 33 to 41 months. The range for the felon in possession conviction without the enhancement would be 24 to 30 months. As both parties concluded, the government would have to recommend 24 months for the underlying felon in possession charge and 33 months for the total punishment, leaving the consecutive sentencing enhancement at 9 months.

■ As denoted above, the parties in this appeal are almost in complete agreement. At oral argument, the parties stated that the sole point of contention is the effect of the dismissal of the § 3147 violation. The court, per the plea agreement, dismissed this count. The question left remaining is how that dismissal should affect Young's sentence. The result of this dismissal is relevant because without the effect of the § 3147 violation, the district court has complete discretion as to whether to run the sentences concurrently or consecutively.

Young argues that the government bargained away the effect of § 3147 in the plea agreement and the count did not apply to him. The government contends it did not intend to bargain away the § 3147 offense, citing the plea agreement. The problem lies in the fact that the plea agreement is ambiguous. The specific provisions in the plea agreement that address this issue cannot be reconciled.

When queried by the court at oral argument, both parties agreed that the best approach is to discuss and resolve the contradictory provisions of the plea agreement on remand. We agree.

*B. Breach of the Plea Agreement*

Young also believes he is entitled to specific performance of the plea agreement and he argues that the government

breached the plea agreement. Whether a plea agreement has been breached is a question of law we review *de novo*. *United States v. Williams*, 102 F.3d 923, 927 (7th Cir.1996). Young admits he failed to properly preserve all his arguments, causing part of our review to be for plain error. *United States v. Staples*, 202 F.3d 992, 995 (7th Cir.2000).

There are two instances of breach claimed by Young that we address.[1] The first argument, subject to *de novo* review, is that the government failed to recommend the low end of the sentencing guidelines range. The government's brief is silent on this point, for good reason. The seventh provision of the plea agreement plainly states "the government agrees to recommend a sentence at the minimum level of the applicable sentencing guidelines range for all offenses to which the defendant pleads guilty." At the sentencing hearing, however, the government argued a "fair sentence" would be "234 months, and that's the top range of the sentencing guidelines...." In addition, the government noted that "the benefit of falling into Category I and getting a sentence at the bottom of the range ... [was] inappropriate."

█ We find it impossible to reconcile these statements with the unambiguous provision of the plea agreement. These statements were in direct contradiction to the plea agreement. Plea agreements must be scrupulously honored. *Wilson v. Washington*, 138 F.3d 647, 651 (7th Cir. 1998) (quoting *United States v. Cahill*, 920 F.2d 421, 425 (7th Cir.1990)). Young's plea agreement provides that the govern-

ment "recommend a sentence at the minimum level of the applicable sentencing guidelines range for all offenses to which the defendant pleads guilty." The failure to recommend the low end of the guideline range was a substantial breach of the plea agreement. On remand, the government shall abide by this provision.

█ Young also argues, though he failed to object at sentencing, that the prosecutor failed to recommend a sentence reduction for acceptance of responsibility on the felon in possession charge. Young seeks, and the government concedes it should recommend on remand, a three-level reduction for acceptance of responsibility. The plea agreement plainly provides that Young is entitled to a three-level reduction for acceptance of responsibility with respect to Count I of the 2000 indictment. We agree with both parties that the government recommend a three-level reduction for acceptance of responsibility in accordance with the plea agreement.

## CONCLUSION

For the foregoing reasons, the district court's judgment is VACATED and we REMAND this case to the district court for resentencing in accord with this opinion.

1. Young also claims the government breached the plea agreement by failing to dismiss Count II of the 2000 indictment and failing to dismiss the notice filed pursuant to 21 U.S.C. § 851. The district court's judgment clearly denotes that Count II, the § 3147 violation, "is dismissed on the motion of the United States." With regard to the § 851 notice, Young admits the failure to dismiss the notice had no effect on his sentence since the statutory enhancement was not applied.