**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2008
Decided May 22, 2008

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-3166

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 07-20047-01 |
| | |
| ROBERT L. BROOKS, | Michael P. McCuskey, |
| *Defendant-Appellant.* | *Chief Judge.* |

**O R D E R**

Robert L. Brooks, a felon, pleaded guilty to possessing a firearm, but after he was sentenced and before he reported to prison he sold crack four times to a police informant. Brooks then was charged with four counts of distributing crack. *See* 21 U.S.C. § 841(a)(1). He pleaded guilty to the indictment, and at sentencing the district court found that he qualified as a career offender, *see* U.S.S.G. § 4B1.1, because of his prior Illinois convictions for delivering and attempting to deliver cocaine. His total offense level of 37 (after a 3-level reduction for acceptance of responsibility) and criminal history category of VI yielded a guidelines imprisonment range of 262 to 327 months. After considering the sentencing

factors listed in 18 U.S.C. § 3553(a), the court sentenced Brooks to concurrent prison terms of 262 months. The court added a consecutive 12-month term because Brooks had committed the drug crimes while on pretrial release, *see* 18 U.S.C. § 3147, resulting in a total of 274 months' imprisonment.

Brooks filed a notice of appeal, but his appointed counsel now move to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because they are unable to discern a nonfrivolous basis for the appeal. Counsel's supporting brief is facially adequate, and Brooks has responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission. We limit our review to the potential issues identified in counsel's brief and Brooks's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel initially inform us that Brooks does not wish to challenge his guilty pleas, and so they properly refrain from discussing possible arguments about the voluntariness of the pleas or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). Instead, counsel and Brooks first focus on whether Brooks could argue that the district court erred in sentencing him as a career offender. *See* U.S.S.G. § 4B1.1. A defendant qualifies as a career offender if the offense of conviction is a crime of violence or a controlled-substance offense and he already has two such felony convictions. *See id.* § 4B1.1(a); *United States v. Otero*, 495 F.3d 393, 400 (7th Cir. 2007). Counsel would concede that the district court properly identified two convictions that qualified as felony controlled-substance offenses, but in his Rule 51(b) response Brooks contends that one of those convictions, a conviction for attempting to deliver cocaine, is neither a felony conviction nor a controlled-substance offense.

Although in Illinois delivering a controlled substance is categorized as a felony, *see* 720 ILL. COMP. STAT. 570/401, Brooks says that attempted delivery is punished only as a misdemeanor, *see* 720 ILL. COMP. STAT. 5/8-4. The Illinois attempt statute has the effect of reducing the sentence that would have been imposed for completing the crime. *See id.* Brooks points to one subsection of the attempt statute, which reclassifies as a misdemeanor an attempt to commit any felony of a grade lower than class 2, and then declares that he was necessarily convicted of a misdemeanor under that subsection. *See* 720 ILL. COMP. STAT. 5/8-4(c)(5); 730 ILL. COMP. STAT. 5/5-8-3. But Brooks was convicted under a different subsection, and his crime—*after* reclassification under the attempt statute—was a class 3 felony, not a misdemeanor. *See* 720 ILL. COMP. STAT. 570/401(d); 720 ILL. COMP. STAT. 5/8-4(c)(4). Under Illinois law, class 3 felonies are punishable by imprisonment for not less than 2 years and not more than 5 years, s*ee* 730 ILL. COMP. STAT. 5/5-8-1(a)(6), and in fact Brooks's actual sentence was 28 months. Any argument that the 1998 conviction was not a felony would therefore be frivolous. *See* U.S.S.G. § 4B1.2 cmt. n.1; *see also United States v. Jones*, 235 F.3d 342, 345 (7th Cir. 2000) (observing that felony conviction is a prior adult federal or state

conviction punishable by death or imprisonment for term exceeding one year regardless of whether offense is designated as felony and regardless of actual sentence imposed).

Brooks also claims that his 1998 Illinois conviction was not a controlled-substance offense because he did not have any drugs in his possession when he was caught by police and thus could not have intended to deliver them. Brooks is essentially trying to mount a collateral attack on his prior conviction by arguing that the facts in that case did not support findings of possession or intent to deliver, but federal sentencing courts are not the place to relitigate state-court convictions. *See Custis v. United States*, 511 U.S. 485, 490-91 (1994); *United States v. Dahler*, 171 F.3d 441, 443 (7th Cir. 1999). Brooks's argument that the district court was required to examine the 1998 plea colloquy to determine whether his conviction involved a controlled substance is similarly unavailing, since a sentencing court cannot look behind the statute, judgment, and charging document when the nature of the conviction categorically qualifies for recidivist sentencing consideration under the guidelines. *See United States v. Lewis*, 405 F.3d 511, 514-15 (7th Cir. 2005); *United States v. Shannon*, 110 F.3d 382, 384 (7th Cir. 1997). Any potential argument that Brooks's 1998 conviction was not a controlled-substance offense would be frivolous.

Counsel next consider whether Brooks could challenge the district court's calculation of his total offense level. As counsel point out, however, Brooks's total offense level was determined by his career offender status rather than his offense conduct, and so contesting the total offense level or the offense conduct would be frivolous. *See* U.S.S.G. § 4B1.1; *see also United States v. King*, 356 F.3d 774, 780 (7th Cir. 2004).

Counsel also ask whether Brooks could argue that it was error to impose a consecutive 12-month term simply because he committed the four crack offenses while on release in connection with his firearm offense. *See* 18 U.S.C. § 3147; U.S.S.G. § 3C1.3. But as counsel correctly observe, the plain language of § 3147 mandates a consecutive term. *See United States v. Parolin*, 239 F.3d 922, 929 (7th Cir. 2001); *United States v. Wilson*, 966 F.2d 243, 248-49 (7th Cir. 1992). It would have been error to impose a concurrent term, *see Wilson*, 966 F.2d at 248-49, and any contrary argument would be frivolous.

Finally, counsel consider whether Brooks could challenge the reasonableness of his overall prison sentence. We presume that a sentence within a correctly calculated guidelines range is reasonable. *See United States v. Rita*, 127 S. Ct. 2456, 2462 (2007); *United States v. Harvey*, 516 F.3d 553, 556 (7th Cir. 2008). The standard for assessing reasonableness is whether the district court gave meaningful consideration to the sentencing factors set forth in 18 U.S.C. § 3553. *See United States v. Anderson*, 517 F.3d 953, 966 (7th Cir. 2008). Here, the district court gave ample consideration to the sentencing factors, including Brooks's recidivism and the need to deter future crime. Counsel have been unable to identify any

reason that this case might be the exception to *Rita*'s presumption of reasonableness, nor on this record can we.  *See United States v. Gammicchia*, 498 F.3d 467, 468 (7th Cir. 2007).  We thus agree with counsel that a reasonableness challenge would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.