**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 15, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE J. ALVARADO-VALENCIA,

Defendant - Appellant.

No. 09-3023
(D. Kan.)
(D.C. Nos. 2:08-CV-02491-KHV and
2:06-CR-20050-KHV-2)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

---

Defendant-Appellant, Jose J. Alvarado-Valencia, appearing pro se, requests a certificate of appealability ("COA") to perfect his appeal from the district court's order that denied his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We exercise jurisdiction under 28 U.S.C. § 1291.

---

[*]  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this matter. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Reviewing Mr. Alvarado-Valencia's filings liberally,[1] we conclude that Mr. Alvarado-Valencia has failed to make a substantial showing of a denial of a constitutional right. Accordingly, we **DENY** Mr. Alvarado-Valencia's request for a COA and **DISMISS** this matter.

## BACKGROUND

Mr. Alvarado-Valencia pleaded guilty to multiple counts of drug possession and distribution charges. He is currently serving a 220-month sentence.[2] After an unsuccessful direct appeal, Mr. Alvarado-Valencia moved the district court for § 2255 relief, alleging that:

> (1) his sentence was not reasonable because the advisory guidelines range aggregated drug quantities for both charged and uncharged conduct; (2) his sentence was not reasonable because the advisory guidelines range included a firearms enhancement which was not charged in the indictment; (3) the Court erred by giving substantial weight to the guidelines; (4) his attorney was ineffective for failing to raise these three arguments; (5) his attorney was ineffective in failing to argue that because the guidelines do not include parole, his guidelines sentence is unreasonable; and (6) his attorney was ineffective in failing to argue that he was entitled to a lower sentence because the District of Kansas did not have a fast-track program for illegal aliens.

R., Vol. I, at 124 (Dist. Ct. Order, dated Oct. 28, 2008). The district court denied

---

[1] Because Mr. Alvarado-Valencia is proceeding pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

[2] Mr. Alvarado-Valencia initially was sentenced to 280 months' imprisonment, but the district court reduced it to 220 months following the retroactive changes to the crack cocaine Sentencing Guidelines. *See* U.S. Sentencing Guidelines Manual ("U.S.S.G."), app. C, amends. 706, 713.

Mr. Alvarado-Valencia's motion on all grounds. Subsequently, the district court denied Mr. Alvarado-Valencia's motion to reconsider and his request for a COA. Mr. Alvarado-Valencia now requests a COA from this court.

## DISCUSSION

Before filing an appeal, "a prisoner who was denied [§ 2255] relief in the district court must first seek and obtain a COA . . . . This is a jurisdictional prerequisite . . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *see* Fed. R. App. P. 22(b)(1). A COA may only be issued if Mr. Alvarado-Valencia makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, Mr. Alvarado-Valencia must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (alteration and internal quotation marks omitted); *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008). To determine whether Mr. Alvarado-Valencia has satisfied his burden, we undertake a "preliminary, though not definitive, consideration of the [legal] framework." *Miller-El*, 537 U.S. at 338. Mr. Alvarado-Valencia need not demonstrate his appeal will succeed to be entitled to a COA; however, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (internal quotation marks omitted).

Mr. Alvarado-Valencia contends that his sentence was procedurally unreasonable because the district court erred in calculating his sentence by (1)

-3-

considering drug quantities for uncharged conduct and (2) including a firearms enhancement even though he was not charged with a firearms offense.[3]  These contentions apparently are predicated on the view that the district court, in determining a defendant's sentence, may consider only information related to a defendant's counts of conviction.  This view is mistaken.[4]

Following the Supreme Court's landmark decision in *United States v. Booker*, 543 U.S. 220 (2005), which declared the mandatory Guidelines regime unconstitutional, we have "routinely permitted a district court to enhance a defendant's sentence using uncharged conduct proven to the court by a preponderance of the evidence."  *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1131 (10th Cir. 2006); *see United States v. Townley*, 472 F.3d 1267, 1276 (10th Cir.2007) ("Appellant incorrectly argues that *Booker* error occurs any time

---

[3]     Mr. Alvarado-Valencia does not request a COA on the other issues alleged in his § 2255 motion.

[4]     In addition to the reasons set forth in text, Mr. Alvarado-Valencia also is mistaken to the extent that he relies on the Guidelines grouping provision, U.S.S.G. § 3D1.2(d).  As Mr. Alvarado-Valencia acknowledges, that provision by its terms relates, *inter alia*, to the grouping of quantities of drugs arising from *counts of conviction*.  At issue here, however, is the grouping of drug quantities arising from *uncharged* conduct, which is expressly governed by the relevant conduct provisions of U.S.S.G. § 1B1.3.  Therefore, we decline to grant Mr. Alvarado-Valencia's request that we instruct the district court "to follow § 3D1.2(d)," *instead of* § 1B1.3.  Aplt. Op. Br. at 4.  Mr. Alvarado-Valencia's somewhat puzzling request seems to reflect his overarching position that the district court should only consider counts of conviction in its sentencing calculus. For the reasons noted in the text, however, that position is completely lacking in merit.

a district court enhances a sentence based on facts not found by a jury. Rather, after *Booker*, a district court is not precluded from relying on judge-found facts in determining the applicable Guidelines range so long as the Guidelines are considered as advisory rather than mandatory."); *see also United States v. Watts*, 519 U.S. 148, 154 (1997) (holding that "a sentencing court may consider conduct of which a defendant has been acquitted" as relevant conduct in calculating the Guidelines sentence). Accordingly, the district court did not err in considering Mr. Alvarado-Valencia's uncharged conduct in computing his Guidelines sentencing range. His sentence is thus procedurally reasonable. Mr. Alvarado-Valencia has failed to make a substantial showing of a denial of a constitutional right.[5]

---

[5] It is possible to construe Mr. Alvarado-Valencia's request for a COA as asserting a claim that the Sentencing Commission exceeded its authority under 28 U.S.C. § 994(b)(1) by including an enhancement for his uncharged possession of a firearm. Giving it a liberal interpretation, the district court had found that Mr. Alvarado-Valencia's § 2255 motion presented such a contention. *See* R., Vol. I, at 127-28. Under § 994(b)(1), the Sentencing Commission "shall, for each category of offense involving each category of defendant, establish a sentencing range that is *consistent with* all pertinent provisions of title 18, United States Code." 28 U.S.C. § 994(b)(1) (emphasis added). Mr. Alvarado-Valencia contends that insofar as the Sentencing Commission's Guidelines ranges for drug offenses permit the consideration of uncharged firearms offenses, they are inconsistent with title 18, because firearms offenses "must be charged under [18 U.S.C.] § 924(c)." Aplt. Op. Br. at 4.

Mr. Alvarado-Valencia does not frame this contention in terms of a violation of a specific constitutional right. However, assuming *arguendo* that his contention implicates his constitutional rights, we still would conclude that it lacks merit. In prescribing sentencing enhancements like the firearms

(continued...)

**CONCLUSION**

For the foregoing reasons, we **DENY** Mr. Alvarado-Valencia's request for a

---

[5](...continued) enhancement, the Sentencing Commission has sought to take into account factors that are relevant to a defendant's culpability for the *instant offense of conviction. See Witte v. United States*, 515 U.S. 389, 403 (1995) (noting that "[t]he relevant conduct provisions of the Sentencing Guidelines . . . are sentencing enhancement regimes evincing the judgment that a particular offense should receive a more serious sentence within the authorized range if it was either accompanied by or preceded by additional criminal activity"). And the district court may find the presence of those factors by a preponderance of the evidence. *E.g.*, *Townley*, 472 F.3d at 1276. As a matter of logic and law, this endeavor is not inconsistent with Congress's decision to establish *distinct crimes* for conduct, which carry their own statutory criminal penalties and ordinarily require a jury finding beyond a reasonable doubt—even though the Guidelines enhancements may be based upon the same conduct. *Compare Witte*, 515 U.S. at 403 (rejecting double jeopardy challenge to indictment charging cocaine offenses that was based on assertion that cocaine conduct was previously used as uncharged relevant conduct in prior sentencing for marijuana conviction), *with Watts*, 519 U.S. at 158 (Scalia, J., concurring) (asserting that the Sentencing Commission would not be acting in a manner consistent with title 18's provisions, as § 994(b)(1) requires, if it sought to bar consideration of acquitted conduct (and presumably uncharged conduct) in determining sentencing enhancements). Moreover, Mr. Alvarado-Valencia's contention bears no resemblance to situations where we actually have grappled with the implications of § 994(b)(1). *See United States v. McCary*, 58 F.3d 521, 523 (10th Cir. 1995) (wrestling with "apparent inconsistencies" between a Guidelines provision that appeared to call for the imposition of concurrent sentences and a title 18 provision that required the imposition of consecutive sentences). At bottom, the grievance underlying Mr. Alvarado-Valencia's § 994(b)(1) argument mirrors the grievance underlying Mr. Alvarado-Valencia's other arguments: Mr. Alvarado-Valencia does not feel that he should suffer an adverse sentencing consequence due to his uncharged conduct—here, possession of a firearm—because he was not convicted of a separate offense related to that conduct (i.e., a firearms offense). Under well-established sentencing principles, however, this grievance simply cannot be redressed.

COA and **DISMISS** this matter.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge